UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SHERNARD C. STEWART, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:16-CV-345-TAV-CHS |
| | ) | |
| RED BANK POLICE and | ) | |
| BRUCE ERLINGER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil matter is before the Court on defendant Red Bank Police Department's Motion to Dismiss [Doc. 29]. Plaintiff, proceeding *pro se*, responded in opposition [Doc. 30]. For the following reasons, the Court will grant defendant Red Bank Police Department's motion.

**I.   Background**

In late March, officers from the Red Bank Police Department were dispatched to plaintiff's home [Doc. 2 ¶ 4].[1] Plaintiff was playing with his son when the police

---

[1] For the purposes of this motion to dismiss, the Court takes plaintiff's factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "when ruling on a defendant's motion to dismiss, a judge must accept as true all factual allegations contained in the complaint" (citations omitted)). When the Court is considering a Rule 12(b)(6) motion, it can consider exhibits attached to the complaint as long as the complaint refers to the exhibits and the exhibits are central to the claims. *See Bassett v. Nat'l Collegiat Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Here, plaintiff attaches an incident report and a physical assessment from CHI Memorial Hospital in Chattanooga, Tennessee. Although plaintiff does not refer to the documents directly in his complaint, he does appear to state that he went to jail [Doc. 2 ¶ 4] and that he sustained injuries [*Id.* ¶ 5]. Construing the pleadings "liberally," *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001), the Court finds that plaintiff intended to incorporate those documents into his complaint.

approached him, asked for his identification, and asked if he would answer their questions [*Id.*].[2] Plaintiff was subsequently arrested, and the police dragged him to the police car [*Id.* p. 15]. During the arrest, plaintiff stated that he was injured, and the police called an ambulance to transport him to CHI Memorial Hospital [*Id.* p. 7]. He was released from the hospital a few hours later in "good" condition [*Id.* p. 10].

On August 23, 2016, plaintiff filed a complaint, alleging 42 U.S.C. § 1983 civil rights violations and a violation of the Americans with Disabilities Act ("ADA"). He claims that his brain, back, eye, and teeth were injured by the police. The Court construes this as an excessive force claim. Plaintiff also filed a supplement to his complaint [Doc. 25], in which he urges the Court to take the matter seriously and attaches several character references. In this supplement, plaintiff does not appear to assert any additional claims but rather provides additional evidence for the Court to consider.

## II. Standard of Review

Plaintiff is proceeding *pro se*, and the Court must "liberally construe the briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001). At the same time, however, "the lenient treatment generally accorded to *pro se* litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and courts have not "been

---

[2] To the extent the attached documents conflict with plaintiff's complaint, the Court will adopt the version of the facts alleged in the complaint.

willing to abrogate basic pleading essentials in *pro se* suits," *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555. "[A] formulaic recitation of the elements of a cause of action will not do;" neither will "'naked assertion[s]' devoid of 'further factual enhancement;'" nor "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will

3

[ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

## III. Analysis

### A. § 1983 Claim

In support of the motion to dismiss, defendant Red Bank Police Department asserts that it is not a legal entity amendable to suit under 42 U.S.C. § 1983. *See, e.g.*, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a Kentucky police department was not an entity capable of being sued under 42 U.S.C. § 1983); *Irvin v. Clarksville Gas & Water Dep't*, 3:11-cv-529, 2011 WL 3565248, at *4 (holding that police departments and sheriff's departments are not proper parties to sue under 42 U.S.C. § 1983); *Moore v. Chattanooga Police Dep't*, 1:08-cv-174, 2008 WL 3896114, at *3 (E.D. Tenn Aug. 19, 2008) ("The Chattanooga Police Department is not a legal entity amendable to being sued under 42 U.S.C. § 1983:). Defendant Red Bank Police Department asserts that because it cannot be sued under 42 U.S.C. § 1983, the claims must be dismissed against it. Plaintiff does not address this issue. Because defendant Red Bank Police Department is not an entity amendable to suit for civil rights violations, the 42 U.S.C. § 1983 claims should be dismissed against it.

B. **ADA Claim**[3]

Defendant Red Bank Police Department asserts that plaintiff is not covered under the ADA and that he has failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). It argues that most claims filed under the ADA relate to employment and public accommodations rather than police interactions. Plaintiff does not address this claim in his complaint, his supplemental complaint, or his response to defendant's motion.

42 U.S.C. § 12132 states the following:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of public entity, or be subject to discrimination by such entity.

Here, plaintiff fails to show, or even claim, that he is a "qualified individual with a disability" or that he was discriminated against on that basis. *See State v. Morrow*, 01C01-0612-cc-512, 1998 WL 917802, at *9 (stating that it was doubtful defendant could raise a claim under the ADA because there was no showing that he was discriminated against on the basis of his disability). Plaintiff does not assert that he is disabled, nor does he allege

---

[3] This Court does not need to determine whether defendant Red Bank Police Department is amenable to suit under the ADA because plaintiff fails to show that he is a qualified individual under the ADA. Public entities are subject to the ADA and are prohibited from discriminating against qualified individuals on the basis of disability. 42 U.S.C. § 12132; *see City and County of San Francisco v. Sheehan*, 135 S. Ct. 1765 (2015). A "public entity" includes "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(B). The Supreme Court, however, has declined to rule on the question of whether the ADA governs the manner in which police officers arrest a qualified individual or the question of whether a public entity can be liable for damages under the ADA for an arrest made by its officers. *Sheehan*, 135 S. Ct. at 1773. This uncertainty does not need to be resolved today. The threshold question is whether the individual is a qualified individual under the ADA. In this case, plaintiff has failed to show that he is even covered by the ADA.

5

any facts to support his ADA claim.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff has failed to state a claim, and so the Court must dismiss the ADA claim against defendant Red Bank Police Department.

**IV.    Conclusion**

For the reasons stated above, defendant Red Bank Police Department's motion [Doc 29] will be **GRANTED**.  All claims against defendant Red Bank Police Department will be dismissed.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE