UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| SHERNARD C. STEWART, SR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:16-CV-345-TAV-CHS |
| | ) | |
| RED BANK POLICE and | ) | |
| BRUCE ERLINGER, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil matter is before the Court on defendant Bruce Erlinger's motion for summary judgment [Doc. 17]. Plaintiff, proceeding *pro se*, responded in opposition [Doc. 21]. Defendant Erlinger replied [Doc. 22]. Plaintiff responded again [Doc. 23]. Defendant Erlinger replied again [Doc. 24]. For the following reasons, the Court will grant defendant Erlinger's motion to dismiss on plaintiff's Americans with Disabilities Act ("ADA") claim, and the Court will grant defendant Erlinger's motion for summary judgment on plaintiff's § 1983 claim.[1]

---

[1] Defendant Erlinger filed a motion for summary judgment and/or motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. 17]. He attached affidavits to his motion that mostly address the §1983 claim, and so to the extent the Court considers these materials, the Court will construe defendant Erlinger's motion as a motion for summary judgment on this claim. *See* Fed. R. Civ. P. 12(d). However, as to the ADA claim, defendant Erlinger only argues that it "should be dismissed for [plaintiff's] failure to state a claim" [Doc. 18 p. 8]. Accordingly, the Court will construe defendant Erlinger's motion as a motion to dismiss the ADA claim and a motion for summary judgment on the § 1983 claim.

## I. Background

On March 28, 2016, defendant Erlinger, along with other Red Bank police officers, arrested plaintiff at his home for domestic assault [Docs. 2 ¶ 4, 18 pp. 2–3, 21 p. 2].[2] Plaintiff was released from jail the following day and returned home, which violated his conditions of release [Docs. 18 pp. 2–3, 21 p. 2]. Plaintiff's wife called the police, who arrived and placed him under arrest again [Docs. 2 ¶ 4, 18 pp. 2–3, 21 p. 2]. During this arrest on March 29, 2016, plaintiff stated that he was injured, and the police called an ambulance to transport him to CHI Memorial Hospital [Doc. 2 p. 7]. He was released from the hospital a few hours later in "good" condition [*Id.* p. 10].

On August 23, 2016, plaintiff filed a complaint, alleging 42 U.S.C. § 1983 civil rights violations and a violation under the Americans with Disabilities Act ("ADA"). He claims that his brain, back, eye, and teeth were injured by the police. The Court construes this as an excessive force claim.[3] Plaintiff also filed a supplement to his complaint [Doc. 25] in which he urges the Court to take the matter seriously and attaches several character references. In this supplement, plaintiff does not appear to assert any additional claims, but rather provides additional evidence for the Court to consider, including character letters from family and friends.

---

[2] Plaintiff's version of the events in the complaint is vague and confusing, so to the extent that there are gaps in the narrative, the Court will consider other evidence on the record.

[3] Defendant Erlinger addresses a potential false arrest claim; however, the Court does not construe the complaint as asserting a false arrest claim. The Court construes the complaint as only asserting an excessive force claim in violation of § 1983 and a discrimination claim under the ADA.

## II. Motion to Dismiss: ADA Claim

### A. Standard of Review

Plaintiff is proceeding *pro se*, and the Court must "liberally construe the briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001). At the same time, however, "the lenient treatment generally accorded to *pro se* litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and courts have not "been willing to abrogate basic pleading essentials in *pro se* suits," *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555. "[A] formulaic recitation of the elements of a cause of action will not do;" neither will "'naked assertion[s]' devoid of 'further factual enhancement;'" nor "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

### B. Analysis

Defendant Erlinger asserts that plaintiff is not covered under the ADA and that he has failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. 18 p. 8]. He argues that most claims filed under the ADA relate to employment and public accommodations rather than police interactions. Plaintiff does not address this argument in his complaint, his supplemental complaint, or his responses to defendant's motion [Docs. 21, 23, 25].

42 U.S.C. § 12132 states the following:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity.

4

Here, plaintiff fails to show, or even claim, that he is a "qualified individual with a disability" or that he was discriminated against on that basis. *See State v. Morrow*, 01C01-0612-cc-512, 1998 WL 917802, at *9 (stating that it was doubtful defendant could raise a claim under the ADA because there was no showing that he was discriminated against on the basis of his disability). Plaintiff does not assert that he is disabled, nor does he allege any facts to support his ADA claim. Pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff has failed to state a claim, and so the Court must dismiss the ADA claim against defendant Erlinger.

### III. Summary Judgment: § 1983 Claim

#### A. Standard of Review

Summary judgment is proper where there is "no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The Court may consider the pleadings, discovery, affidavits, and other evidence on the record in ruling on a motion for summary judgment. *Id.* In the Sixth Circuit, there is a genuine issue of fact "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Id.* at 451–52. The Court must view the evidence in the light most favorable to the non-movant, as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003). Thus, "the moving party has the initial burden of showing the absence of a genuine issue of material

fact." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). On a motion for summary judgment by a defendant asserting a sovereign immunity defense, the Court must adopt the plaintiff's version of the facts. *Campbell v. City of Springboro*, 700 F.3d 779, 786 (6th Cir. 2012).

Government officials are shielded from liability under the doctrine of qualified immunity so long as their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). Plaintiffs, therefore, have the burden of showing that each individual defendant violated a constitutional right that was "clearly established" at the time of the defendant's alleged misconduct. *Id.* at 232.

### B. Analysis

The Court must first define the right and determine whether that right was clearly established. Under the Fourth Amendment, individuals have a right to be free from unreasonable seizures, so the Court must determine whether the seizure in this case was reasonable. *See Graham v. Connor*, 490 U.S. 386, 394 (1989); *see also White v. Pauly*, 137 S. Ct. 548, 552 (2017) (holding that the "clearly established law should not be defined at a high level of generality[;] . . . [it] must be particularized to the facts of the case") (internal quotation marks omitted). In evaluating the reasonableness of the seizure, the Court weighs the intrusion on an individual's Fourth Amendment interests against the governmental interests. *Graham*, 490 U.S. at 396.

In this case, defendant Erlinger was involved with the arrest of plaintiff on both March 28 and 29, 2016. In the complaint, plaintiff does not allege any contact between himself and defendant Erlinger [Doc. 2 p. 2]. In the attached incident narrative for March 28, the only contact between officers and plaintiff appears to be when plaintiff was handcuffed and transported the Red Bank Police Department [*Id.* at p. 6]. In the attached incident narrative for March 29, the defendant Erlinger "physically remove[d]" plaintiff from the residence after he passively and actively resisted arrest [*Id.* at p. 7]. It was after this contact between plaintiff and defendant Erlinger that plaintiff claimed he was injured [*Id.*]. This timeline of events is corroborated by the officers' affidavits [*See* Docs. 17-1, 17-3, 17-4].

Defendant Erlinger argues that these facts do not raise an excessive force claim because the contact between defendant Erlinger and plaintiff was a reasonable use of force and the contact did not cause any injuries. In the complaint, plaintiff attached medical records that showed he was in "good" condition [Doc. 2 p. 10]. While plaintiff complained of neck and back pain, the medical report indicates that plaintiff was not injured. Additionally, plaintiff complained of physical injuries to his teeth, head, and ear, and he attached summaries of doctor and dentist visits. The Court notes that plaintiff had a root canal two weeks after this incident [Doc. 21 p. 9]. According to medical records, plaintiff did not have any injuries to his ear [*Id.* at pp. 16–18]. In his responses, plaintiff appears to argue with the domestic assault charge, but he does not address the excessive force claim [Doc. 23 p. 1].

7

On a motion for summary judgment, the Court must make inferences in favor of the non-moving party, and when the sovereign immunity defense is raised, the Court must adopt the plaintiff's version of the facts. *Campbell*, 700 F.3d at 786. However, when the non-moving party's story is "blatantly contradicted by the record," the Court does not need to adopt their version of the facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). After reviewing the record, the facts in this case do not support a claim for excessive force.

To succeed on a claim for excessive force, a plaintiff must show "something more than *de minimis* force." *Leary v. Livingston County*, 528 F.3d 438, 443 (6th Cir. 2008). In *Leary*, the Court held that the officers who hit the plaintiff in the back of his neck used *de minimis* force. *Id.* Here, the facts show that the officers did nothing more than handcuff plaintiff and transport him to the police car. Furthermore, plaintiff attaches to his own complaint a report that states the officers checked his handcuffs for fit [Doc. 2 pp. 6–7]. In order for a claim of excessive force for handcuffing to survive summary judgment, the plaintiff must show that the officers were notified the handcuffs were too tight, the officers ignored the complaints, and the handcuffs resulted in physical injury. *Morrison v. Bd. of Trs.*, 583 F.3d 394, 401 (2009). Here, plaintiff never told the officers that the handcuffs were too tight, and the physical injury alleged was not to his wrists. Therefore, the act of handcuffing plaintiff, which was the only physical contact made on March 28, 2016, did not constitute excessive force. Similarly, the contact made between plaintiff and defendant Erlinger the following day was only to remove plaintiff from his residence when he was

passively and actively resisting arrest. This constitutes reasonable force and does not amount to a constitutional violation under § 1983.

Because the rights in question were clearly established at the time of the offense, and defendant Erlinger used reasonable force, plaintiff cannot show that his constitutional rights were violated. Thus, defendant Erlinger is entitled to qualified immunity and is not subject to suit. *See Pearson*, 555 U.S. at 231. The Court will grant defendant Erlinger's motion for summary judgment.

IV. **Conclusion**

For the reasons stated above, the Court will **GRANT** defendant Erlinger's motion to dismiss on the ADA claim, and the Court will **GRANT** defendant Erlinger's motion for summary judgment on the § 1983 claim [Doc. 17]. This will dispose of all claims raised in the complaint against defendant Erlinger.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE